ORIGINAL

U.S. DISTRICT COURT
AUGUSTA DIV.

2011 NOV 22 PM 1:52

CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| PAUL SUMPTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-081 |
| | ) | |
| FNU AJIBADE, Doctor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I.    BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Doctor Ajibade, a physician at JSP; (2) Doctor Dalrymple, another physician at JSP; (3) Ms. Powell, who Plaintiff identifies as a Medical Director at JSP; and (4) Ms. Brown, who Plaintiff also identifies as a Medical Director at JSP. (Doc. no. 1, pp. 1, 4, 8.) Plaintiff indicates that he is suing each Defendant in his or her individual and official capacities. (Id. at 1.)

Plaintiff alleges that on March 17, 2010, he was recommended for immediate heart and lung surgery and transferred from Bostick State Medical Prison ("Bostick") to JSP so that he could receive the surgery. (Id. at 5.) According to Plaintiff, approximately two or three weeks after his arrival at JSP, he was seen by Defendants Ajibade, Dalrymple, Powell, and Brown, who Plaintiff asserts "all [have] knowledge of the treatment I am in need of." (Id.) Plaintiff alleges, however, that as of the time he filed his complaint, he has been denied treatment for his conditions. (See id. at 5-6.) In particular, Plaintiff contends that Defendants are "hiding behind treatment being to[o] expensive." (Id. at 9.)

Plaintiff asserts that Defendants Ajibade and Dalrymple are the physicians who are primarily responsible for his medical care. (Id. at 8.) Plaintiff also alleges that he submitted repeated requests for treatment for his medical conditions, and he specifies that Defendants were "put on notice of [his] serious medical need[]s for medication and treatment for heart and lungs from the time of his arrival at [JSP]." (Id. at 6, 8.) Plaintiff seeks an award of monetary damages against each Defendant. (See id. at 11-12.)

As a result of Defendants' alleged denial of treatment, Plaintiff complains that he has had to endure approximately sixteen months of pain and suffering. (See id. at 6, 9.) Plaintiff claims that the failure to provide treatment has caused his conditions to worsen, and that he has suffered scarring of his heart, lungs, liver, and bladder, loss of sleep, loss of weight, blindness, and severe pain. (Id.) Plaintiff alleges that some of his injuries are permanent. (Id. at 9.) Furthermore, Plaintiff maintains that he has suffered mental stress because of his continuing pain and that he is being denied temporary relief from his pain and coughing while awaiting his surgery. (Id.)

## II. DISCUSSION

Plaintiff attempts to proceed against all Defendants in their official and individual capacities. As noted above, in his demand for relief, Plaintiff seeks an award of monetary damages against each Defendant. (See id. at 11-12.) Notably, however, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law, and they should be dismissed from this case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's official capacity claims for monetary damages be **DISMISSED**.[1]

SO REPORTED and RECOMMENDED this 22nd day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously filed Order, the Court has directed that service of process be effected on all Defendants based on Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs.

3